MANDANA MASSOUMI (SBN 191359)
massoumi.mandana@dorsey.com
CHERISE S. LATORTUE (SBN 274041)
Latortue.cherise@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Blvd., Suite 2000
Costa Mesa, CA 92626-5310
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

Attorneys for Defendant
ALLIANT TECHSYSTEMS INC.

**FILED**
2014 JAN 17 PM 2:09
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM DONNELLY, an Individual, and PAUL BRAATZ, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANT TECHSYSTEMS, INC., a Delaware Corporation; and DOES 1-50,<br><br>Defendant. | CASE NO.: **CV14-00418 R (PLAx)**<br><br>[Los Angeles Superior Court Case No. BC530804]<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)**<br><br>[Filed concurrently with Declaration of Snezana Jaros; Civil Cover Sheet; Certification of Interested Parties; Notice of No Related Cases; Appendix of State Court Pleadings and Documents]<br><br>Date Action Filed: December 16, 2013<br><br>Trial Date: Not Set |

-1-
NOTICE OF REMOVAL

**TO THE COURT, PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant ALLIANT TECHSYSTEMS INC. ("Defendant" or "Alliant") hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b) in order to effect the removal of the above-captioned matter, which was commenced in the Superior Court of the State of California for the County of Los Angeles, and states that the removal is proper for the following reasons:

## I. BACKGROUND

1. On December 16, 2013, Plaintiffs Tom Donnelly ("Donnelly") and Paul Braatz ("Braatz") (collectively "Plaintiffs") commenced a civil action in the Superior Court of the State of California, for the County of Los Angeles, entitled *Tom Donnelly and Paul Braatz v. Alliant Techsystems, Inc.*, Case No. BC530804 ("State Court Action"). A true and correct copy of the Summons and Complaint, Civil Case Cover Sheet, and other documents received by Defendant are attached as Exhibit A to the Appendix of State Court Pleadings and Documents ("Appendix"), filed concurrently herewith and incorporated herein by reference.

2. The Complaint alleges the following six causes of action against Defendant: (1) Wrongful Termination in Violation of Public Policy; (2) Retaliation; (3) Breach of Contract; (4) Breach of the Implied Covenant of Good Faith and Fair Dealing; (5) Intentional Infliction of Emotional Distress; and (6) Conversion.

3. Plaintiffs served Alliant with the Complaint on December 18, 2013. A true and correct copy of the Proofs of Service for Defendant is attached as Exhibit B to the Appendix.

4. The Complaint specifically alleges the damages suffered by Plaintiffs are in the excess of $500,000.00 or in the "excess of $250,000.00 for each Plaintiff." (Complaint, ¶ 73). A true and correct copy of the Complaint is attached as Exhibit A to the Appendix.

///
///

5. On January 16, 2014, Defendant filed its Answer to the Complaint ("Answer"). A true and correct copy of the Answer is attached as Exhibit C to Defendant's Appendix.

6. Alliant is not aware of any other Doe defendants being served with a copy of the Summons and Complaint or being named as a party to the Complaint.

7. The gravamen of Plaintiffs' Complaint is that Defendant allegedly wrongfully terminated Plaintiffs in retaliation for their refusal to make false statements. Plaintiffs seek special damages, general damages, punitive damages, interest, costs of suit and attorneys' fees.

## II. DIVERSITY JURISDICTION

8. Defendant is informed and believes, and on that basis alleges, that from the date of filing of the State Court Action to the present, and during all relevant times herein, Plaintiffs Tom Donnelly and Paul Braatz on the one hand, and Defendant Alliant Techsystems Inc. on the other hand, were and are citizens of different states.

9. Plaintiffs are, and at all relevant times were, by their own allegations, residents of the State of California. (*See* Complaint, ¶¶ 1-2).

10. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441, as Alliant is, and at all relevant times was, a citizen of a different state from Plaintiffs:

    a. For purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). At the time of the filing of the Complaint, Alliant was and currently is a Delaware corporation, incorporated under the laws of Delaware. *See* Declaration of Snezana Jaros ("Jaros Decl.,") ¶ 2.

///
///

b. Defendant's principal place of business is Arlington, Virginia, under the "nerve center test."[1] *Hertz Corp. v. Friend*, 130 S. Ct. 1881 (2010) (adopting "nerve center" test for establishing principal place of business). Relevant considerations under the "nerve center" test include: (1) where the executives have their offices; (2) where the administrative and financial offices are located and the records kept; (3) where the corporate income tax return is filed; (4) where the "home office" is located; and (5) where day-to-day control of the business is exercised. *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal 1964). Additionally, "[i]n an effort to find a single, more uniform interpretation" of "principal place of business," the United States Supreme Court held in *Hertz Corp.*, that "principal place of business" is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." In other words, "the place that Courts of Appeals have called the corporation's 'nerve center.'" *Hertz Corp.*, 130 S. Ct. at 1192 (Feb. 23, 2010). "[I]n practice," it is "the place where the corporation maintains its headquarters." *Id.*

c. Defendant meets the above articulated test. Defendant's headquarters and principal place of business are located in the State of Virginia. (Jaros Decl., ¶ 3). Defendant keeps its administrative, executive, and financial offices, and records related thereto, in Virginia. (*Id.*) Defendant's day-to-day control of the business is exercised in Virginia. (*Id.*) Defendant also files its corporate income tax

---

[1] The "nerve center" test is generally utilized when a corporation's activities are conducted in many states. *See Lurie Co. v. Loew's San Francisco Hotel Corp.*, 315 F. Supp. 405, 412 (N.D. Cal. 1970). Alliant widely operates in approximately 22 states. (Jaros Decl., ¶ 5). No one state accounts for the majority or predominance of Defendant's business. (*Id.*) Defendant's business is spread across and arises from many states. (*Id.*) Therefore, the nerve center test is more appropriate. *See Lurie Co., supra*, 315 F. Supp. at 412. In any event, given that Alliant's central functions are concentrated in Virginia, the "place of operations" for Defendant is also in Virginia. *See Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 497 (9th Cir. 2001). Although Alliant has corporate offices in Minnesota, its corporate headquarters are located in Virginia, and their corporate executives and international team work from the headquarters in Virginia. (Jaros Decl., ¶¶ 3-4).

-4-

returns in the State of Virginia. (*Id.*) In addition, Defendant's top executives work, direct, control, and coordinate Defendant's activities from its corporate headquarters in Virginia. (*Id.*)

   d. The only other defendants named in Plaintiffs' Complaint are merely fictitious parties identified as "Does 1 through 50" whose citizenship shall be disregarded for the purpose of removal. 28 U.S.C. § 1441(a). Accordingly, there are no other named defendants to join Alliant in this Notice of Removal.

11. Therefore, complete diversity exists between Plaintiffs, citizens of California, on the one hand, and Alliant, a citizen of Delaware and Virginia, on the other hand.

### III. AMOUNT IN CONTROVERSY

12. Plaintiffs specifically allege they have suffered damages in excess of $500,000.00 based on Plaintiffs' Breach of the Implied Covenant of Good Faith and Fair Dealing cause of action alone. (Complaint, ¶ 73) ("Plaintiffs are informed and believe and thereon allege that such damages is in excess of *$250,000.00 per Plaintiff*). (Emphasis added). Plaintiffs also seek further damages under five other causes of action: (1) Wrongful Termination in Violation of Public Policy; (2) Retaliation; (3) Breach of Contract; (4) Intentional Infliction of Emotional Distress; and (5) Conversion. (Complaint, ¶¶ 44-90). In addition, Plaintiffs allege punitive damages, attorneys' fees, emotional and general damages, economic damages, and special damages. (Complaint, ¶ 90).

13. Thus, Plaintiffs allege damages in excess of $500,000.00. As such, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

### IV. REMOVAL JURISDICTION

14. Based on the allegations of the Complaint, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a) and (b) in

that it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. In addition, complete diversity exists between the Plaintiffs and Defendant and diversity jurisdiction is proper before this District Court.

### V. TIMELINESS OF REMOVAL

15. Defendant was served with the Summons and Complaint on December 18, 2013. Attached as Exhibits A and B to the Appendix. This Notice of Removal is therefore timely as it is filed on January 17, 2014, within thirty (30) days of service on Defendant of the Summons and Complaint that revealed that this case was properly removable. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that the 30-day deadline to remove commences upon service of the summons and complaint).

### VI. VENUE

16. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84, 1441(a) and 1391 because the state action was filed in this District and this is the judicial district in which the action arose.

### VII. PROCEEDINGS IN STATE COURT

17. As of the date of this filing, Defendant is not aware of any conferences or hearings pending before the Los Angeles County Superior Court. Exhibits A-C attached to the Appendix constitute all of the pleadings that have been served on Defendant and/or have been filed by Defendant in the state court action prior to filing this Notice of Removal.

### VIII. NOTICE OF REMOVAL

18. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served in this action are attached as Exhibits A-C to the Appendix. They are Plaintiffs': (1) Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment – Unlimited Civil Case, and Voluntary Efficient Litigation Stipulations (Exhibit A); (2) Service of Process Transmittal for Defendant Alliant Techsystems Inc.

(Exhibit B); and (3) Defendant Alliant Techsystems Inc.'s Answer to the Complaint in the State Court Action (Exhibit C).

19. In compliance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles. The proof of service of this Notice to Adverse Party of Removal will be filed with this Court.

20. By this Notice of Removal, Defendant does not waive any objections to defects in process or service of process, jurisdiction, venue, or any other defense.

DATED: January 17, 2014                    DORSEY & WHITNEY LLP

By: _____
    MANDANA MASSOUMI
    CHERISE S. LATORTUE
    Attorneys for Defendant
    ALLIANT TECHSYSTEMS INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Blvd., Suite 2000, Costa Mesa, California 92626. On January 17, 2014, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)

SERVED UPON: Karin R. Leavitt
Wasserman, Comden, Casselman & Estensten, LLP
5567 Reseda Blvd. Suite 330
Tarzana, CA 91356

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☒ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 17, 2014, at Costa Mesa, California.

Amada Mosqueda